FILED

97 JUN -4 PM 2: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IRIS BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-96--PT-1550-S |
| | ) | |
| WATER WORKS AND SEWER BOARD | ) | |
| OF THE CITY OF BIRMINGHAM, | ) | |
| | ) | |
| Defendant. | ) | |

ENTERED
JUN 4 1997

## MEMORANDUM OPINION

This cause comes on to be heard on the defendant's Motion for Summary Judgment filed on April 14, 1997. The plaintiff has alleged that the defendant unlawfully discriminated against her because of her sex in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000(e) *et seq.*, as amended by the Civil Rights Act of 1991.

### BACKGROUND

The Birmingham Water Works and Sewer Board (the Board) hired Iris Burke (Burke) on November 23, 1992. In 1995, Burke decided that she wanted to work as a "B" Utility employee and began to apply or "place bids" for the job. A "B" Utility employee's responsibilities include using various hand and power tools, operating equipment such as pumps and pipe cutting machines, lifting and moving heavy objects, doing repair work on pipes, operating all Board vehicles, minor record keeping, and assisting in traffic control.[1] Burke applied for this job at least five times but the Board hired male employees each time.[2]

---

[1] Utility Worker Class B Duties and Responsibilities.

[2] In April 1996, Burke received a "B" Utility job. She became the first female to hold the job and is currently the only female to hold the job.



## CONTENTIONS

The Board contends that Burke has produced no direct evidence of intentional discrimination and thus must proceed under the McDonnell Douglas / Burdine burden shifting analysis for circumstantial evidence. Under this test, the Board argues that Burke's prima facie case fails because she cannot prove her qualifications for the "B" Utility job. The Board claims that a "B" Utility job requires the worker to operate a straight shift vehicle, have a commercial driver's license, and have the requisite level of construction experience -- all requirements that Burke purportedly lacked. If Burke establishes her prima facie case, the Board contends that it has articulated a legitimate nondiscriminatory reason for not promoting Burke. Specifically, the Board again claims that Burke could not operate a straight shift vehicle, did not have a commercial driver's license, and did not have the requisite construction experience. These requirements, the Board contends, are essential to workplace safety.

Burke contends, however, that she has presented sufficient direct evidence to defeat the summary judgment motion. She claims that she overheard her supervisor say that "[Burke] did not need to be out there" and "You know she's a woman. She cannot handle it." In any event, Burke argues that she satisfies her prima facie case under the circumstantial evidence burden shifting analysis because she was, at all relevant times, qualified for the job. She attempts to discredit the Board's legitimate nondiscriminatory reason for not promoting her by showing that the males who received the jobs that she bid on similarly did not meet the Board's purported qualifications.

## LEGAL STANDARD

On a motion for summary judgment, the court must assess the proof to see whether a genuine need for trial exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is appropriate only if this court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party seeking summary

judgment bears the initial responsibility of informing this court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met this burden, the nonmoving party "must produce evidence that shows there exists a genuine issue of material fact." Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing that a genuine issue for trial exists. Celotex, 477 U.S. at 324. The court may consider the offered pleadings, depositions, answers to interrogatories, and admissions on file, with the affidavits, if any, in deciding whether to grant or deny a summary judgment motion. FED. R. CIV. P. 56(c). In making the determination of whether a given factual dispute requires submission to a jury, the court must view the presented evidence through the prism of the substantive evidentiary burden. Anderson, 477 U.S. at 254-55. The court, however, must avoid weighing conflicting evidence or making credibility determinations. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).

Considering the above, this court must examine the evidence to decide if a genuine issue of material fact exists.

## ANALYSIS

At the outset, the court concludes that Burke's "direct evidence" is too vague and tenuous to support her Title VII claim alone. Despite Burke's failure to present proper direct evidence of intentional discrimination, she may present suitable circumstantial evidence to overcome the summary judgment motion. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824, 36 L. Ed.2d 668 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-56, 101 S. Ct. 1089, 1093-95, 67 L. Ed.2d 207 (1981). In the promotion context, the plaintiff must first establish a prima facie case by showing:

> (1) that she is a member of a protected class, (2) that she applied and was qualified for the job, (3) that despite her qualifications, she was rejected, and (4) that the position remained open or was filled by a person outside the

protected class.

Coutu v. Martin County Bd. of County Comm'rs, 47 F.3d 1068, 1073 (11th Cir. 1995). If the plaintiff establishes her prima facie case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. at 1824. In cases where the employer fails to meet this burden, the court must enter judgment for the plaintiff as a matter of law. Burdine, 450 U.S. at 254, 101 S. Ct. at 1094. For the employer to meet its burden, however, the employer need not persuade the court that its proffered reasons are legitimate. Id. at 254-55, 101 S. Ct. at 1094. At this stage, employers need only produce a legitimate reason, not prove it. See id.

Once the defendant has rebutted the employee's prima facie case, the plaintiff must then show by a preponderance of the evidence that a discriminatory intent motivated the employer's action. McDonnell Douglas, 411 U.S. at 804, 93 S. Ct. at 1825. The employee may accomplish this indirectly by showing that the employer's proffered explanation is pretextual, or directly by showing that a discriminatory reason more likely motivated the employer's action. Burdine, 450 U.S. at 256, 101 S. Ct. at 1095. Absent significantly probative evidence, summary judgment will be granted. Isenbergh v. Knight-Ridder Newspaper, 97 F.3d 436, 444 (11th Cir. 1996). Conclusory allegations of discrimination, without more, are insufficient to raise an inference of pretext or intentional discrimination where the employer offers extensive evidence of legitimate, nondiscriminatory reasons for its actions. Isenbergh, 97 F.3d at 444. The paramount inquiry therefore remains whether the employee has offered evidence sufficient to create a reasonable inference that the employer intentionally discriminated against her.[3]

The Eleventh Circuit recently reaffirmed the principles that have consistently guided this court in deciding employment discrimination cases as a matter of law. In Combs v. Plantation Patterns, 106 F.3d 1519 (11th Cir. 1997), the court addressed what it considered

---

[3] To survive a summary judgment motion, the employee must present concrete evidence in the form of specific facts that show that the defendant's proffered reasons are pretext. The fact that the employer's decision is unfair is inadequate to survive a properly supported summary judgment motion. Courts, moreover, generally have no authority to second guess managerial decisions made in good faith.

was possible confusion stemming from two of its previous panel decisions.[4] At issue in Combs was what evidence a plaintiff must show in a Title VII case based on circumstantial evidence to survive a properly supported summary judgment motion after the Supreme Court's decision in St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed.2d 407 (1993). One way of surviving, the court concluded, is for the plaintiff to show that the employer's proffered explanations are not credible. Combs, 106 F.3d at 1530; see also Hairston v. Gainesville Sun Publishing Co., 9 F.3d 913 (11th Cir. 1993). By establishing the incredibility of her employer's articulated reasons:

> . . . the plaintiff may or may not ultimately prevail in the litigation, because the factfinder may or may not choose to make the permissible inference of discrimination. However, as we explained in Hairston, once the plaintiff introduces evidence sufficient to permit the factfinder to disbelieve the employer's proffered explanations, summary judgment is not appropriate, because '[i]ssues of fact and sufficiency of evidence are properly reserved for the jury.' We said nothing in Hairston about the plaintiff being required to establish anything more than a prima facie case plus the falsity of the tendered explanations; we said nothing about anything else being required for the plaintiff to avoid summary judgment, because nothing else is required.

Combs, 106 F.3d at 1530. To summarize, except Walker v. NationsBank of Florida, 53 F.3d 1548 (11th Cir. 1995), the Eleventh Circuit's post-Hicks decisions:

> . . . uniformly hold that once a plaintiff has established a prima facie case and has put on sufficient evidence to allow a factfinder to disbelieve an employer's proffered explanation for its actions, that alone is enough to preclude entry of judgment as a matter of law.

Id. at 1532.

Noting that the law remains unchanged, the court will proceed to address Burke's prima facie case in the present action. Burke is a female who had applied for the "B" utility job at least five times before receiving the job. Each time the Board rejected her bid and named other males to Burke's desired position. Burke has thus established her prima facie case except showing her job qualifications. Her qualifications are the only seriously disputed area here.

---

[4] Isenbergh v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436 (11th Cir. 1996) and Walker v. NationsBank of Florida, 53 F.3d 1548 (11th Cir. 1995).

As noted, the Board contends that a "B" Utility candidate must drive a standard or straight shift vehicle, have a commercial driver's license, and have sufficient construction experience. The Board argues that Burke satisfied none of these qualifications. Burke contends, however, that she was learning to drive one of the company's straight shift trucks and had worked construction for the Board. Were the court strictly to apply the prima facie test, the Board may have shown that Burke lacked qualifications for the job. The evidence is undisputed that Burke lacked a commercial driver's license throughout the process and could not drive a straight shift vehicle for at least part of the time. Burke's relevant construction experience is, at best, debatable. A court, however, should not apply this McDonnell Douglas-Burdine burden shifting analysis in a way that is "'rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination.'" U.S. Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 715, 103 S. Ct. 1478, 1482, 75 L. Ed.2d 403 (1983), quoting Furnco Construction Corp. v. Waters, 438 U.S. 567, 577, 98 S. Ct. 2943, 2949, 57 L. Ed.2d 957 (1978). The burden shifting test, therefore, is not a means by which the defendant can force the plaintiff out of court through strict adherence to its guidelines. Further, the court must view the "totality of the circumstances" when assessing the evidence of purported discrimination in a Title VII case.

Considering these restrictions on the burden shifting test, the court concludes that Burke has presented sufficient evidence that would enable a fact finder to disbelieve the Board's proffered reasons for not hiring her into a "B" Utility job. Summary judgment is therefore inappropriate. The evidence establishes that the Board has not resolutely required its employees seeking a "B" Utility job to satisfy all of the requirements the Board originally required Burke to fulfill. At least one male employee, if not others, who received a job that Burke bid for did not have his commercial driver's license. Moreover, a Board agent testified that they could train an employee to do a job if the employee did not immediately know how to do it. Evidence also exists tending to show that Burke could drive a straight shift vehicle and had done some construction work for the Board.

The court does not conclude that Burke was necessarily qualified at all times that she bid for the "B" Utility job. However, because of the Board's inconsistent approach in hiring

"B" Utility employees coupled with Burke's testimony regarding her qualifications, the court cannot conclude, as a matter of law, that a jury could not find evidence of sex discrimination. Where an employer, as here, sets objective criteria for a job, that employer must uniformly apply those criteria to both its male and female employees. Otherwise, a reasonable inference arises that hiring decisions were based on gender or for reasons other than qualifications. The court will accordingly deny that Board's Motion for Summary Judgment.

This 4th day of June, 1997.

Robert B. Propst
Senior United States District Judge